IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRENDA MORRIS, on behalf of herself and all others similarly situated, ) ) ) ) | |
| Plaintiff, ) | |
| v. ) | No. _____ |
| ) | |
| BENSON MEDIA, INC. ) and MICHAEL BRIAN BENSON, ) individually, ) ) | JURY TRIAL DEMANDED |
| Defendants. ) | |

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Brenda Morris ("Plaintiff"), on behalf of herself and others similarly situated, and brings this action against Defendants, Benson Media, Inc. and Michael Brian Benson (collectively "Defendants"), under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") for unpaid overtime compensation.

## PARTIES

1. Plaintiff Brenda Morris is a resident of Gilmer County, Georgia and is a former employee of Defendants.

2. Plaintiff brings this action, on behalf of herself and all others similarly situated, for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

3. Defendant Benson Media, Inc. is a Georgia corporation with its principal place of business located in Ball Ground, Georgia.

4. This action is brought under the FLSA to recover from the Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every similarly situated employee who worked for the Defendants at any time within the past three (3) years.

## FLSA COVERAGE

5. At all times material hereto Plaintiff was Defendant Benson Media, Inc.'s "employee" within the meaning of the FLSA.

6. At all times material hereto, Defendant Benson Media Inc. was Plaintiff's "employer" within the meaning of the FLSA.

7. Defendant Benson Media, Inc. was, and continues to be, an "employer" within the meaning of the FLSA.

8. At all times material hereto, Defendant Benson Media, inc. was, and continues to be, "an enterprise engaged in commerce" within the meaning of the FLSA.

9. At all times material hereto, Defendant Benson Media, Inc. was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

10. At all times material hereto, the annual gross revenue of Defendant Benson Media, Inc. was in excess of $500,000.00 per annum.

11. At all times material hereto, Defendant Benson Media, Inc. had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

12. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

13. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

14. At all times material hereto, Plaintiff utilized the instrumentalities of commerce while she performed her duties for Defendant Benson Media, Inc. and, thus, was subject to the individual coverage of the FLSA.

15. Defendant Michael Brian Benson regularly exercised the authority to hire and fire employees of Defendant Benson Media, Inc.

16. Defendant Michael Brian Benson determined the work schedules for Plaintiff and the other employees of Defendant Benson Media, Inc.

17. Defendant Michael Brian Benson controlled the finances and operations of Benson Media, Inc.

18. By virtue of having regularly exercised the authority described in paragraphs 17-19 above on behalf of Benson Media, Inc., Michael Brian Benson was Plaintiff's employer as defined by 29 U.S.C. § 201 *et. seq.*

## JURISDICTION AND VENUE

19. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and the FLSA.

20. This Court also has authority to grant declaratory relief under the FLSA pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

21. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## FACTS

22. Plaintiff was employed by the Defendants from August 2004 through May 2011.

23. Defendant Benson Media is a marketing firm that does print marketing for property managers and apartments.

24. Plaintiff's job titles during her employment included account director and customer service coordinator.

25. As an account director and customer service coordinator, Plaintiff had the same duties and responsibilities.

26. Plaintiff's duties and responsibilities included taking and filling phone orders from property managers and other customers.

27. Plaintiff was classified and treated by Defendants as an exempt employee.

28. Based on her job duties and the nature and characteristics of her job, Plaintiff was actually non-exempt and, thus, was misclassified by the Defendants as exempt.

29. Plaintiff was not exempt from overtime under the administrative exemption.

30. Plaintiff did not have a primary duty that included the performance of office or non-manual work directly related to the management or general business operations of Defendants or their customers.

31. Plaintiff did not have a primary duty that included the exercise of discretion and independent judgment with respect to matters of significance.

32. Plaintiff was not exempt from overtime under the executive exemption.

33. Plaintiff did not have a primary duty that involved management.

34. Plaintiff did not have authority to hire and fire employees.

35. Plaintiff did not customarily and regularly direct the work of two or more employees.

36. Plaintiff worked over forty (40) hours during one (1) or more of the workweeks during her employment with Defendants.

37. Plaintiff regularly worked over 50 hours per week during her employment with Defendants, and sometimes worked up to 60 to 70 hours per week.

38. Defendants did not pay Plaintiff additional overtime compensation for all hours worked by Plaintiff over forty (40) in a workweek.

39. Plaintiff was entitled to receive overtime compensation for the hours that she worked over forty (40) in a workweek.

40. Plaintiff was misclassified by Defendants as an exempt employee and, thus, was entitled to be paid overtime compensation at time and a half her regular rate of pay for each hour worked in excess of 40 per workweek.

41. Defendants failed to comply with 29 USC §§ 201-209 because Defendants did not properly compensate Plaintiff for her overtime hours.

42. Plaintiff and the putative class members are account directors, project coordinators, customer service coordinators and other employees with similar job duties and responsibilities who worked over forty hours per week and were not paid overtime compensation for the hours worked over forty in a workweek.

43. Upon information and belief, Defendants did not pay any of its account directors, project coordinators, customer service coordinators and other employees with similar job duties and responsibilities overtime compensation for hours worked over forty in a workweek.

44. Defendants classified all of its account directors, project coordinators, customer service coordinators and other employees with similar job duties and responsibilities as exempt employees.

45. The policies and practices of Defendants identified herein were applicable to Plaintiff and the class members. Application of these policies and practices does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policies or practices which resulted in the non-payment of overtime compensation to Plaintiff applied and continue to apply to all class members.

46. Upon information and belief, the records – to the extent such records exist – concerning the number of hours worked and amounts paid to Plaintiff are in the possession, custody, or control of Defendants.

## COUNT ONE:
## RECOVERY OF OVERTIME COMPENSATION

47. Plaintiff reasserts and incorporates by reference all allegations contained within paragraphs 22-46 above.

48. Plaintiff worked over forty (40) hours during one (1) or more of the workweeks during her employment with Defendants.

49. Defendants did not pay Plaintiff additional overtime compensation for her overtime hours worked.

50. Plaintiff was misclassified by Defendants as exempt and, thus, was entitled to be paid overtime compensation at time and a half her regular rate of pay for each hour worked in excess of forty (40) per workweek.

51. Defendants' failure to pay proper overtime compensation to Plaintiff for hours worked over forty (40) in a workweek violated the FLSA.

52. Upon information and belief, Defendants' failure to properly compensate Plaintiff for her overtime hours worked was willful and/or reckless, as Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

## DAMAGES AND REQUESTED RELIEF

53. As a result of Defendants' intentional, willful, and reckless failure to lawfully compensate Plaintiff and all others similarly situated for their overtime hours worked, Plaintiff and all others similarly situated have suffered damages and incurred reasonable attorney's fees and costs.

54. As a result of Defendants' intentional, willful, and reckless violation(s) of the FLSA, Plaintiff and all others similarly situated are entitled to back wages and liquidated damages from Defendants for all hours worked in excess of forty (40) hours during one or more workweeks within the past three (3) years.

55. Plaintiff respectfully demands a trial by jury.

WHEREFORE, Plaintiff, and all other similarly situated employees, demand payment of their overtime wages at time and a half their regular rates of pay, an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), declaratory relief pursuant to the DJA and FLSA finding that Defendants' practice of not paying overtime wages to Plaintiff violates the FLSA, and all hours worked over forty (40) in a workweek should be paid at time and one-half of an employee's regular rate of pay as long as an employee is not exempt from the FLSA, pre-judgment and post-judgment interest where applicable, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and such further relief as this Honorable Court may deem to be just and proper.

Respectfully submitted,

MORGAN & MORGAN, PA

By: s/Deirdre M. Stephens
DEIRDRE M. STEPHENS GABN 678789
Morgan & Morgan, P.A.
191 Peachtree Street NE, Suite 4200
Atlanta, GA 30303
Tel: (404) 965-8811
Fax: (404) 965-8812
Email: djohnson@forthepeople.com

DATED: August 8, 2011