IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRENDA MORRIS, ON
BEHALF OF HERSELF AND
ALL OTHERS SIMILARLY
SITUATED,   CASE NO.:  1:11-CV-02617-SCJ

    Plaintiff,

vs.

BENSON MEDIA, INC., and
MICHAEL BRIAN BENSON,
Individually,

    Defendants.                    /

### JOINT MOTION FOR APPROVAL OF SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, BRENDA MORRIS (hereinafter "Plaintiff"), and Defendants, BENSON MEDIA, INC., and MICHAEL BRIAN BENSON ("Defendants") (collectively "the Parties"), jointly request that this Court approve the Parties' settlement of the above captioned matter. A copy of the settlement agreement executed between the Parties is attached as **Exhibit "A."**

    **I**.  **Legal Principles and Analysis**

Pursuant to the case law regarding settlement of Fair Labor Standards Act ("FLSA") claims, there are two ways in which claims under the FLSA can be

settled and released by employees.  First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id*.; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960,961 (5th Cir. 1947).  In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the

district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve the Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiff against an employer, which was adversarial in nature. During the litigation and negotiation of the settlement of this action, Plaintiff and Defendants were both represented by experienced counsel.

The Parties agree that the instant action involves disputed issues, including primarily whether Plaintiff was an exempt employee, whether a two or three year statute of limitations applied, the number of overtime hours actually worked by Plaintiff, and if overtime compensation was owed, whether liquidated damages are appropriate.

Plaintiff, who worked for Defendants in various positions during her employment, alleged that she was not paid overtime compensation for overtime hours worked in addition to her salary that she earned. Defendants allege that Plaintiff was an exempt employee under the administrative exemption.[1] Plaintiff

---

[1] This Court denied in part Defendants' Motion for Summary Judgment on whether Plaintiff was an exempt administrative employee. *See* D.E. 87.

argues that she is a non-exempt employee because she alleges that she did not exercise significant discretion and control in performing her job duties. The Parties have a factual disagreement over the number of hours worked by Plaintiff during her employment. If Plaintiff was able to prove at trial that she was a non-exempt employee and that she worked 45 hours per week, she would be entitled to approximately $7,042.76 - $8,275.24 in total damages.[2]

The Parties engaged in significant discovery and motion practice, including numerous depositions and motions for summary judgment filed by both Parties. The Parties exchanged several offers of settlement, and Plaintiff ultimately accepted Defendants' most recent settlement offer. Pursuant to the offer accepted, Plaintiff will receive a total amount of $8,000.00 in damages, and the attorneys' fees and costs will be paid separately. The Parties agree this is a fair and

---

[2] Plaintiff worked 94 weeks in a two year statutory period, which this Court limited Plaintiff to in its summary judgment order. *See* D.E. 87. Plaintiff estimates in approximately 15 weeks during her last two years that she did not work overtime hours due to holidays, vacation, illness or other reasons. Thus, using the fluctuating work week calculation found in 29 C.F.R. § 778.114 (which Plaintiff agreed to use for settlement discussions but does not concede applies), she would be owed the following: <u>94 week calculation</u> - $792.31 / 45 hours worked per week = $17.61 (regular rate) / 2 = $8.81 x 5 overtime hours = $44.02 owed per week x 94 weeks = $4,137.62 x 2 (liquidated damages) = $8,275.24, or <u>80 week calculation</u> - $792.31 / 45 hours worked per week = $17.61 (regular rate) / 2 = $8.81 x 5 overtime hours = $44.02 owed per week x 80 weeks = $3,521.38 x 2 (liquidated damages) = $7,042.76.

reasonable settlement in light of Defendants' defenses, the factual discrepancies between the Parties, the uncertainties of trial, and Plaintiff's desire to resolve this matter before trial.

## II.     Terms of Settlement

The total gross (before deduction of required taxes and withholding) settlement Defendants have agreed to pay to settle all claims raised by Plaintiff and any legal fees due to her attorney, is $25,000.00. The total sum is to be allocated as follows:

A.    BRENDA MORRIS.  The parties have agreed to settle Plaintiff's claims for a total of $8,000.00. This amount is split equally between overtime and liquidated damages. After settlement negotiations and analyzing the factual and legal disputes, Plaintiff has agreed to accept the gross sum of $8,000.00 to resolve all claims in full.

B.    ATTORNEY'S FEES/COSTS.  Plaintiff's counsel will receive $17,000.00, in attorney's fees and costs. The parties have agreed this is a reasonable fee under the circumstances of this case, is below the lodestar actually expended, and was negotiated separately from Plaintiff's recovery and without regard to the amount of Plaintiff's recovery. *See Bonetti v. Embarq Management Company*, 715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009).

### III.    Conclusion

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties, and dismiss the instant action with prejudice.

/s/ **C. RYAN MORGAN, Pro Hac Vice**
C. Ryan Morgan, Esquire, Pro Hac Vice
Florida Bar No.: 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Email: rmorgan@forthepeople.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**BRENDA MORRIS, ON**
**BEHALF OF HERSELF AND**
**ALL OTHERS SIMILARLY**
**SITUATED,**                                     CASE NO.:  1:11-CV-02617-SCJ

    Plaintiff,

vs.

**BENSON MEDIA, INC., and**
**MICHAEL BRIAN BENSON,**
**Individually,**

    **Defendants.                   /**

## CERTIFICATE OF SERVICE AND
## COMPLIANCE WITH LOCAL RULE. 5.1

I, the undersigned, hereby certify that I have prepared the foregoing document in Times New Roman 14 Point Font as allowed by Local Rule 5.1 and that I have this day served a copy of the foregoing document upon counsel for Defendants via electronic mail to: Mark D. Lefkow, Esquire, Nall & Miller, LLP, 235 Peachtree Street, NE Suite 1500, Atlanta, GA  30303-1401and Deidra J. Williams, Esquire, Williams Law Group, LLC, 3567 Pebble Hill Drive, Marietta, GA 30062, dated this 15th day of January, 2013.

**/s/ C. RYAN MORGAN, Pro Hac Vice**
C. Ryan Morgan, Esq., Pro Hac Vice
Florida Bar No.: 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:    (407) 420-1414
Email:  rmorgan@forthepeople.com
**Attorneys for Plaintiff**
